## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) |
| | ) |
| TRADEX CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| TRADEX CORPORATION, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD T. KING, | ) |
| ASSISTANT UNITED STATES | ) |
| TRUSTEE | ) |
| | ) |
| Respondents. | ) |
| | ) |

Chapter 11
Case No. 05-40748-JBR

## 05 CR 1 0 8 6 7 DPW
Bankruptcy Appeal
Case No. 05-cv-_____

### APPELLANT'S EXPEDITED MOTION FOR STAY OF THE BANKRUPTCY COURT'S ORDER OF APRIL 7, 2005 APPOINTING A CHAPTER 11 TRUSTEE PENDING APPEAL

Tradex Corporation ("Tradex"), the Appellant herein, through counsel and pursuant to Fed. R. Bankr. P. 8005, hereby moves this Court to, on an expedited basis, stay the April 7, 2005 Order of Judge Joel B. Rosenthal granting the Motion of the United States Trustee to Appoint a Chapter 11 trustee (the "Appointment Order") pending the appeal Tradex has filed with the District Court. In further support, the Debtor states the following:

1.      On April 7, 2005, the Court held a hearing regarding the United States Trustee's ("UST") motion to appoint a Chapter 11 trustee.

2.     On April 8, 2005, the Court entered an Order granting the appointment of a Chapter 11 trustee. The Appointment Order is attached as Exhibit A.

3.     On April 18, 2005, Tradex filed a motion for reconsideration of the Appointment Order. Tradex's Motion for Reconsideration is attached as Exhibit B.

4.     On April 19, 2005, the Court issued a Decision and Order denying Tradex's motion for reconsideration. The Court's Decision and Order is attached as Exhibit C.

5.     On April 22, 2005, Tradex filed a Notice of Appeal of the Appointment Order concurrently with a Statement of Election to the District Court. Tradex's Notice of Appeal and Statement of Election to the District Court is attached as Exhibit D.

6.     On April 22, 2005, Tradex filed with the bankruptcy court a motion for stay of the Appointment Order pending appeal pursuant to Fed. R. Bankr. P. 8005. Tradex's Motion for Stay Pending Appeal is attached as Exhibit E.

7.     On April 25, 2005, the bankruptcy court entered an order denying Tradex's Motion for Stay Pending Appeal. The court's April 25 order is attached as Exhibit F.

8.     Failure to stay the Appointment Order on an expedited basis would result in irreparable harm to Tradex in that the expenses related to the Chapter 11 trustee have the potential to negatively impact the Debtor's ability to meet its adequate protection payments as ordered by the bankruptcy court on March 18, 2005. The bankruptcy court's March 18 order for adequate protection payments is attached as Exhibit G.

9.     The Debtor was operating on a cash positive basis before entry of the Appointment Order, was in compliance with the adequate protection payments required

under the March 18 order, and is fully capable of remaining in compliance going forward without the added expenses associated with a Chapter 11 trustee.

10.    This appeal is related to the case of LaSalle Business Credit v. Gary Gitto, et al., No. 04-12227-DPW.

WHEREFORE, the appellant Tradex respectfully requests that this Court:

i.    Schedule a hearing on this matter on an expedited basis;

ii.    Issue a stay of the bankruptcy court's order appointing a Chapter 11 trustee pending the hearing;

iii.    Permit appellant to file a memorandum and supporting documents ahead of any scheduled hearing; and

iv.    After the hearing, issue a further stay pending resolution of the appeal on the merits.

Respectfully Submitted,

Tradex Corporation
Through Counsel,

Dated:  April 26, 2005

/s/ Paul A. Leoni
Juliane Balliro (BBO# 028010)
Lawrence G. Green (BBO# 209060)
Paul A. Leoni (BBO# 657490)
Perkins, Smith & Cohen LLP
1 Beacon Street, 30th Floor
Boston, Massachusetts 02108
Ph: (617) 854-4265
Fx: (617) 854-4040

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | |
| ) | |
| TRADEX CORPORATION, ) | Chapter 11 |
| ) | Case No. 05-40748-JBR |
| Debtor. ) | |
| ) | |
| ) | |
| TRADEX CORPORATION, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD T. KING, ) | |
| ASSISTANT UNITED STATES ) | |
| TRUSTEE ) | |
| ) | |
| Respondents. ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused the appellant's Motion For Stay of Order Pending Appeal and Exhibits thereto to be served on April 26, 2005, by overnight mail upon the following:

Lisa D. Tingue
Office of the United States Trustee
446 Main Street, 14th Fl.
Worcester, MA 01608

Ellen Carpenter
Roach & Carpenter, P.C.
24 School Street
Boston, MA 02108

/s/ Paul A. Leoni, Esq.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### Proceeding Memorandum/Order

In Re: Tradex Corp.

Case Number: 05-40748 ( JBR )

Chapter: 11

**MOVANT/APPLICANT/PARTIES**

#62  Motion of the United States Trustee to Appoint a Chapter 11
Trustee
Lisa D. Tingue for the UST
Lawrence G. Green for Debtors

**COURT ACTION:**

Show Cause Order _____Released _____Enforced
#62 Granted _____Approved _____Moot
_____Denied _____Denied without Prejudice
_____Withdrawn in Open Court
_____Sustained _____Overruled
_____Continued to: _____
_____Proposed Order to be Submitted by:_____
_____Stipulation to be Submitted by:_____
_____Taken Under Advisement

**DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**SO ORDERED:**

*Joel B. Rosenthal*_____  Dated: 4/7/05
Joel B. Rosenthal

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| )<br>In re:                             )<br>                                       )<br>TRADEX CORPORATION,        )<br>                                       )<br>         Debtor                    )<br>                                       ) | Chapter 11<br>Case No. 05-40748-JBR |

## DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF APRIL 7, 2005 GRANTING THE UNITED STATES TRUSTEE'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE

Tradex Corporation ("Tradex"), the Debtor in the above-captioned Chapter 11 case, by and through its counsel, submits this Motion for Reconsideration of the Court's Order of April 7, 2005 granting the United States Trustee's ("UST") Motion to Appoint a Chapter 11 trustee (the "Appointment Motion"). In support thereof, Tradex states the following:

1.      On February 16, 2005 the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2.      On March 3, 2005, the Debtor filed its Schedules and Statement of Financial Affairs.

3.      On April 1, 2005, the UST filed the Appointment Motion.

4.      On April 7, 2005, a hearing was held on the Appointment Motion (the "Hearing"). The Appointment Motion was granted at the conclusion of the Hearing.

5.      At the Hearing, the UST offered into evidence the Debtor's 2003 tax return, which the Debtor had previously provided to the UST.

6.     Among other things, the tax return depicted a loan (the "Loan") from the Debtor's principal, Charles Gitto ("Gitto") to the Debtor. The Loan was listed in the amount of $1,231,949 at the beginning of the 2003 tax year, and was listed in the amount of $1,078,133 at the end of the tax year. The difference of $153,816 was listed as repayments made from Tradex. Please see 2003 tax return attached as Exhibit A.

7.     The Loan, originated in or around 1992. Please see 1992 and 1993 tax returns and documents related thereto attached as Exhibit B.

8.     The Loan, was intended to finance the construction of the manufacturing facility located on the Debtor's real property located at 140 Shirley-Leominster Road. Due to inadvertence, the Loan was not scheduled on the Debtor's Statement of Financial Affairs or Schedules. Please see Affidavit of Christa Gitto attached as Exhibit C.

9.     The UST cited the failure to schedule the loan as a factor indicating the need to appoint a Chapter 11 trustee under 11 U.S.C. § 1104.

10.     As indicated in the Affidavit of Christa Gitto, it was mistake that led to the failure to schedule the Loan; there was no intention on the Debtor's part to deceive the Court.

11.     The Debtor is in the process of amending the Schedules and Statement of Financial Affairs to properly and accurately reflect the Loan and the repayments thereunder and will be submitting same forthwith.

WHEREFORE, the Debtor respectfully requests that the Court reconsider and vacate the Order of April 7, 2005 appointing a Chapter 11 trustee and for such other and further relief as this Court deems just.

Respectfully Submitted,

By Tradex Corporation

Through Counsel,

Dated:  April 15, 2005

/s/ Paul A. Leoni
Lawrence G. Green (BBO# 209060)
Paul A. Leoni (BBO# 657490)
Perkins, Smith & Cohen LLP
1 Beacon Street, 30th Floor
Boston, Massachusetts 02108
Ph: (617) 854-4000
Fx: (617) 854-4040

United States Bankruptcy Court
District of Massachusetts

In re:  TRADEX CORPORATION,           )
                                       )
                                       )     Chapter 11
            DEBTOR.                    )     Case No. 05-40748-JBR
                                       )
                                       )

## DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [#76]

This matter having come before the Court on the Debtor's Motion for Reconsideration of the Court's Order of April 7, 2005 Granting the United States Trustee's Motion to Appoint a Chapter 11 Trustee [Docket No. 76] (the "Motion"), after due consideration of the Motion, the United States Trustee's Motion for Appointment of a Chapter 11 Trustee, the oppositions thereto and a review of the record as a whole, the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. With only one exception, namely the loan from Charles Gitto to the Debtor originated in or around 1992 and was intended to finance construction of the real estate located at 140 Shirley-Leominister Road, the Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome.

3. The new information set forth above is insufficient to alter the previous decision of the Court. The Order granting the United States Trustee's Motion was based on several factors, including the principal's past dealings with the debtor. The Debtor's failure to schedule the loan, even if the loan was inadvertently not scheduled, was only one small fact considered by the Court and does not warrant reconsideration of the Order approving appointment of a Chapter 11 Trustee.

For the foregoing reasons, the Motion for Reconsideration is hereby DENIED.

Dated: April 19, 2005

Joel B. Rosenthal
United States Bankruptcy Judge.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) | |
| ) | |
| TRADEX CORPORATION, ) | Chapter 11 |
| ) | Case No. 05-40748-JBR |
| Debtor. ) | |
| ) | |
| ) | |
| TRADEX CORPORATION, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD T. KING, ) | |
| ASSISTANT UNITED STATES ) | |
| TRUSTEE ) | |
| ) | |
| Respondents. ) | |

**NOTICE OF APPEAL**

Tradex Corporation, the appellant, appeals under 28 U.S.C. § 158(a) from the decision and orders of the bankruptcy judge, Joel B. Rosenthal, entered in the above case on the 19th day of April, 2005, and the 8th day of April, 2005.

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Richard T. King                    Lisa D. Tingue, Office of the U.S. Trustee
                                   446 Main Street, 14th Fl., Worcester, MA 01608
                                   (508) 793-0555

Ellen Carpenter                    Roach & Carpenter, PC
                                   24 School Street, Boston, MA 02108
                                   (617) 720-1800

Respectfully Submitted,

Tradex Corporation
Through Counsel,

Dated:  April 22, 2005

/s/ Paul A. Leoni
Juliane Balliro (BBO# 028010)
Lawrence G. Green (BBO# 209060)
Paul A. Leoni (BBO# 657490)
Perkins, Smith & Cohen LLP
1 Beacon Street, 30th Floor
Boston, Massachusetts 02108
Ph: (617) 854-4000
Fx: (617) 854-4040

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                  )
                                        )
    TRADEX CORPORATION,                 )          Chapter 11
                                        )          Case No. 05-40748-JBR
        Debtor.                         )
                                        )
_____)
                                        )
    TRADEX CORPORATION,                 )
                                        )
        Appellant,                      )
                                        )
            v.                          )
                                        )
    RICHARD T. KING,                    )
    ASSISTANT UNITED STATES             )
    TRUSTEE                             )
                                        )
        Respondents.                    )
_____)

## STATEMENT OF ELECTION

    Pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001(e), the appellant,

Tradex Corporation, hereby elects to have its appeal, the notice of which is filed

contemporaneously on this date, heard by the United States District Court.

    Tradex Corporation notes that this appeal is related to the case of LaSalle

Business Credit v. Gary Gitto, et al., No. 04-12227-DPW, pending before Judge

Woodlock, United States District Court, District of Massachusetts.

                            Respectfully Submitted,

                            Tradex Corporation
                            Through Counsel.

Dated:  April 22, 2005

/s/ Paul A. Leoni
Juliane Balliro (BBO# 028010)
Lawrence G. Green (BBO# 209060)
Paul A. Leoni (BBO# 657490)
Perkins, Smith & Cohen LLP
1 Beacon Street, 30th Floor
Boston, Massachusetts 02108
Ph: (617) 854-4000
Fx: (617) 854-4040

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

In Re:    Tradex Corp.

Chapter 11
Bankruptcy Case 05–40748
Judge Joel B. Rosenthal

### NOTICE OF FILING OF APPEAL TO DISTRICT COURT

A Notice of Appeal and an Election to have the appeal heard in the United States District Court were filed on **APRIL 22, 2005** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the U.S. District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8006 the Appellant must file with the Clerk of this Court, a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal, within ten (10) days of the filing of the:

> 1. Notice of Appeal, or
> 2. Entry of an Order granting leave to appeal, or
> 3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within ten (10) days after service of the Appellant's Designation and Statement.

Upon the filing of Designation(s) of Record and Statement of Issues on Appeal, the Appellant (and Appellee if additional papers have been designated) shall, provide the Clerk with copies of all papers which have been designated for inclusion in the Record on Appeal within twenty–five (25) days of the issuance of this notice.

It is the duty of the parties to insure that the Record on Appeal is complete. The Clerk of the Bankruptcy Court will transmit the Record on Appeal as assembled by the parties.

Date:4/25/05

James M. Lynch
Clerk, U.S. Bankruptcy Court

By the Court,

Joanne M. Ryan
Deputy Clerk
(508) 770– 8921

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TRADEX CORPORATION, | ) | Chapter 11 |
| | ) | Case No. 05-40748-JBR |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TRADEX CORPORATION, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD T. KING, | ) | |
| ASSISTANT UNITED STATES | ) | |
| TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MOTION FOR STAY OF ORDER PENDING APPEAL

Tradex Corporation ("Tradex"), the Debtor and appellant herein, through counsel and pursuant to Fed. R. Bankr. P. 8005, hereby moves this Court to stay the Order of this Court granting the Motion of the United States Trustee to Appoint a Chapter 11 trustee entered on April 8, 2005. In further support, the Debtor states the following:

1.　　On April 7, 2005, the Court held a hearing regarding the United States Trustee's ("UST") motion to appoint a Chapter 11 trustee.

2.　　On April 8, 2005, the Court entered an Order (the "April 8th Order) granting the appointment of a Chapter 11 trustee.

3.　　On April 18, 2005, Tradex filed a motion for reconsideration of the April 8th Order.

4.      On April 19, 2005, the Court issued an Order denying Tradex's motion for reconsideration.

5.      On April 22, 2005, Tradex filed a Notice of Appeal of the April 8th Order.

6.      Tradex respectfully requests that the Court stay the April 8th Order appointing a Chapter 11 trustee pending Tradex's appeal pursuant to Fed. R. Bankr. 8005.

7.      Failure to stay the Order would result in irreparable harm to Tradex in that the expenses related to the Chapter 11 trustee have the potential to negatively impact the Debtor's ability to meet its adequate protection payments as ordered by this Court. The Debtor was operating on a cash positive basis before entry of the April 8th Order, was in compliance with this Court's cash collateral order, and is fully capable of remaining in compliance going forward without the added expenses associated with a Chapter 11 trustee.

WHEREFORE, Tradex respectfully requests that this Court stay its Order appointing a Chapter 11 trustee pending Tradex's appeal of that Order to the District Court and for such further and other relief as the Court deems just and proper.

Respectfully Submitted,

Tradex Corporation
Through Counsel,

Dated:  April 22, 2005                    /s/ Paul A. Leoni
                                          Juliane Balliro (BBO# 028010)
                                          Lawrence G. Green (BBO# 209060)
                                          Paul A. Leoni (BBO# 657490)
                                          Perkins, Smith & Cohen LLP
                                          1 Beacon Street, 30th Floor
                                          Boston, Massachusetts 02108
                                          Ph: (617) 854-4000
                                          Fx: (617) 854-4040

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TRADEX CORPORATION, | ) | Chapter 11 |
| | ) | Case No. 05-40748-JBR |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TRADEX CORPORATION, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD T. KING, | ) | |
| ASSISTANT UNITED STATES | ) | |
| TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused the Debtor's Motion For Stay of Order Pending Appeal to be served on April 22, 2005, by first class mail, postage pre-paid, upon the following:

Lisa D. Tingue
Office of the United States Trustee
446 Main Street, 14th Fl.
Worcester, MA 01608

Ellen Carpenter
Roach & Carpenter, P.C.
24 School Street
Boston, MA 02108

/s/ Paul A. Leoni, Esq.
Counsel to Tradex Corp.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| TRADEX CORPORATION, | ) | Chapter 11 |
| | ) | Case No. 05-40748-JBR |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TRADEX CORPORATION, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD T. KING, | ) | |
| ASSISTANT UNITED STATES | ) | |
| TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MOTION FOR STAY OF ORDER PENDING APPEAL

Tradex Corporation ("Tradex"), the Debtor and appellant herein, through counsel and pursuant to Fed. R. Bankr. P. 8005, hereby moves this Court to stay the Order of this Court granting the Motion of the United States Trustee to Appoint a Chapter 11 trustee entered on April 8, 2005. In further support, the Debtor states the following:

1.    On April 7, 2005, the Court held a hearing regarding the United States Trustee's ("UST") motion to appoint a Chapter 11 trustee.

2.    On April 8, 2005, the Court entered an Order (the "April 8th Order) granting the appointment of a Chapter 11 trustee.

3.    On April 18, 2005, Tradex filed a motion for reconsideration of the April 8th Order.

04/25/2005 DENIED.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE                                          :          CHAPTER 11

TRADEX CORP.                                   :

DEBTOR                                         :          CASE NO. 05-40748-JBR

### MEMORANDUM OF DECISION ON MOTION FOR RELIEF

This matter came before the Court for an evidentiary hearing on Clinton Savings Bank's
(the "Bank") Emergency Motion for Relief from the Automatic Stay [Docket #3] in which the
Bank seeks relief pursuant to 11 U.S.C. §362(d)(1) and (2) in order to foreclose on the Debtor's
real estate. At issue is value of the Bank's collateral and the amount of debt encumbering the
Debtor's property.

### BACKGROUND

The Debtor owns two adjacent parcels of real estate located at 140 Lancaster-Shirley
Road in Lunenberg, Massachusetts, on the Lunenberg-Leominister town line. Parcel 1 is
approximately 6.96 acres and includes an industrial building of approximately 54,000 square feet
that is leased to a commercial tenant for $31,085.93 per month under a triple net lease that
expires on October 31, 2007. Parcel 2 is an undeveloped adjacent lot (collectively, with Parcel
1, the "Real Property"). The Real Property is zoned for office park and industrial use.

The Real Property is encumbered by a first mortgage held by 140 Shirley Acquisition,
LLC in the amount of $1,228,174 as of February 1, 2005, a second mortgage held by the Bank,
and a judicial attachment in the amount of $30 million granted to LaSalle Business Credit LLC
by the United States District Court for the District of Massachusetts (04-cv-12227-DPW) in

October 2004. Although the Debtor has sought to dissolve the attachment, the District Court has not yet ruled on the Debtor's motion. The Debtor's only other creditor is the Commonwealth of Massachusetts which holds a priority claim in the amount of $465.00.

The parties disagree as to the amount owed to the Bank. The Debtor asserts that the amount owed the Bank is approximately $1.3 million while the Bank asserts that as of March 7, 2005 it is owed $2,073,771 with a per diem of $467.52. The foregoing amount does not include an outstanding legal bill of approximately $11,400 with at least an equal amount incurred but unbilled for the month of February. In addition the parties dispute the value of the Real Property. The Debtor's expert placed the value of the Real Property at $2,930,000 ($305,000 for the vacant land and $2,625,000 for Parcel 1) while the Bank's expert opined that it is worth significantly more. The Debtor's expert valued the Real Property at $4,770,000 ($960,000 for the vacant land and $3,810,000 for Parcel 1).

The Bank holds a pledge of 3 million shares of stock in a company called VitroTech Corporation, owned by Gitto Global Corporation. The Debtor values the stock at $318,000. The Debtor and Gitto Global Corporation, which is also a debtor in Chapter 11 proceedings before this Court, both claim ownership of the resin manufactured by VitroTech, the so-called Vitrolite Inventory. Both the Bank and LaSalle claim competing security interests in the same Vitrolite Inventory. None of the parties have sought a determination as to the ownership of the Vitrolite Inventory, the competing security interests in the same, or even the value of this property which, in its opposition, the Debtor alleges is worth between $300,000 and $3 million. In its Schedule B, the debtor lists the value of the Vitrolite Inventory as $3,700,000.

The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy

2

Code on February 16, 2005 shortly before the Bank's scheduled foreclosure of the Real Property. On the same day the Bank filed its Emergency Motion for Relief. The motion was denied on an emergency basis and the matter scheduled for an evidentiary hearing.

**The Expenses Charged to the Property**

Prior to the evidentiary hearing on the motion for relief, the Court conducted a non-evidentiary hearing on the Debtor's motion for use of cash collateral [Docket #36]. At the hearing the Debtor sought approval of an agreement among the Debtor, its tenant, and the first mortgagee whereby the tenant would make the monthly payment owed to the first mortgagee directly to the first lienholder and remit the balance of the rent to the Debtor or such other party as the Court ordered. The Debtor and the first mortgagee disagree as to the amount of the usual monthly payment called for under the mortgagee's note although they stipulated that for the purpose of the March 1 payment the amount would be $14,924.94. In addition the Debtor's counsel represented that there are other expenses to be paid from the rental income. Those expenses include $2,500 a month paid by the Debtor for rental of the Debtor's office. The Debtor's office is located in the home of the Debtor's principal, Charles Gitto. The Gitto's home is estimated to be about 6,000 square feet with approximately 2,000 used as a home office. In addition Mr. Gitto draws a monthly salary of $7,400 from the Debtor while his wife, who also has another business, receives $1,000. The Debtor estimates that the real estate taxes attributed to the home office are approximately $750 to $800 per quarter while the taxes on the vacant land, Parcel 2, are about the same. The Debtor is also seeking to use $5,000 per month as an escrow for professional fees and expenses. It does not propose to make any payments to the Bank.

**The Expert Testimony**

The Bank offered the testimony of Joel Buthray, an MIA certified real estate appraiser. He is very familiar with real estate in Northern Worcester County where the subject property is located. He appraised the Real Property in 2001 and 2004. Based on the sales comparison of comparable properties, which Mr. Buthray opined was the most accurate way of valuing vacant land, he opined that Parcel 2 is worth $305,000. Using the same methodology for Parcel 1, he concluded that the property is worth $2,625,000. His conclusions and the data he relied upon in reaching those conclusions are set forth in detail in his appraisal report, dated September 25, 2004, admitted as Joint Exhibit AA.

The Debtor offered the testimony of Nicholas Coppola, a real estate broker, who listed Parcel 2 prior to the bankruptcy. He testified that Mr. Gitto told him he had an appraisal for a "certain amount" and that Mr. Gitto wanted at least that amount for the land. He and Mr. Gitto agreed that the land should be listed for $995,000. He acknowledges that no offers were received at that price but he attributes that to the lack of advertising, cancelled at Mr. Gitto's direction shortly after the land was listed for sale. The property was advertised once in the Boston Globe and on the Multiple Listing Service. He testified that the fact that maybe as much as 20% of the land was wetlands did not affect the property value.

The Debtor also offered the testimony of Thomas Mulhern, a real estate appraiser who does not hold the MIA certification. The majority of Mr. Mulhern's experience is with properties located in MetroWest. He has substantially less experience with valuing properties in Northern Worcester County than Mr. Buthray. He, unlike Mr. Buthray toured the interior of the building located on Lot while and he found it to be in good to excellent condition while Mr. Buthray based his appraisal upon the interior of the building being in "good" condition. Mr. Buthray

4

testified, however, the difference between the interior being in "good" condition versus being in "good to excellent" conditional would have little affect on his valuation.    Mr. Mulhern valued the Real Property at $3,810,000 for Parcel 1 and $960,000 for Parcel 2..  His conclusion and the data he relied upon in reaching the same are set forth in detail in his appraisal report for Parcel 1, dated October 18, 2003 , admitted as Joint Exhibit EE, and in his appraisal report for Parcel 2, dated April 24, 2004, admitted as Joint exhibit FF.

### DISCUSSION

The Bank seeks relief from the automatic stay to foreclose on the Real Property on two different bases.  First it argues it is entitled to relief pursuant to section 362(d)(1) for cause, namely that this is a bad faith filing undertaken to frustrate the Bank's efforts to liquidate its collateral.  Alternatively the Bank seeks relief pursuant to section 362(d)(2) on the grounds that the Debtor has no equity in the Real Property.

### Section 362(d)(1)

As the Bank concedes in its motion, whether there is a good faith filing requirement for chapter 11 petitions is subject to debate.  *Compare Little Creek Dev. Co. V. Comm. Mortgage Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1073 (5th Cir. 1986) (bad faith filing constituted cause for relief) *with In re Victoria Ltd. Partnership*, 187 B.R. 54 (Bankr. D. Mass. 1995) (rejecting the requirement of good faith filing).  The Bank points to two facts in support of its argument that this case was not filed in good faith.  First it argues that the Real Property is most likely the Debtor's only asset.  Even if it were true that the Real Property is the Debtor's only asset, Congress has made it clear that single asset real estate entities are entitled to the protection under the Bankruptcy Code.  *In re National/Northway Ltd. Partnership*, 279 B.R. 17, 29 (Bankr.

5

D. Mass. 2002). Next the Bank argues that the Debtor filed its bankruptcy petition on the same day as the foreclosure sale in an effort to frustrate the Bank's efforts to enforce its rights under the mortgage. In this respect the Bank is no different from the numerous mortgagees who, just as the auctioneer's flag is about to drop, learn that their mortgagors have filed bankruptcy. Therefore, whether the lack of good faith constitutes cause for granting relief is irrelevant in this case as the Debtor has done nothing that rises to that level.

Section 362(d)(1), however, focuses on more than the issue of whether a bad faith filing is cause for relief. Cause includes "the lack of adequate protection of an interest in the property of such party in interest." 11 U.S.C. § 362(d)(1). That lack of adequate protection is present here. The income generated by the Real Property is sufficient to protect the Bank from further erosion of its interest. By the very "agreement" between the Debtor and the first mortgagee, the first mortgagee will continue to receive its regular monthly payment but the remainder of the rental income would be diverted elsewhere, including to the apparently exorbitant salaries of the Debtor's principal and his wife, and to the dubious home office expense. Therefore, in accordance with the direction of section 362(d), the Court must fashion a remedy that will either vacate the stay all together or modify the stay to fashion a remedy to protect the Bank, including the ordering adequate protection payments. Which alternative is more appropriate involves consideration of the Bank's alternative argument that the stay should be vacated pursuant to section 362(d)(2).

**Section 362(d)(2)**

Equity in the Collateral

The Bank's argument that the Debtor lacks equity in the Real Property is correct when the

6

LaSalle attachment is included. That the Debtor may ultimately prevail on its attempt to have LaSalle's attachment vacated does not negate the existence of the attachment. The Debtor came into bankruptcy with its Real Property burdened by the attachment and this Court will not hold a "mini-trial" on LaSalle's entitlement to this prejudgment remedy. That is for the district court to decide. Only if the Court were to exclude LaSalle's $30 million attachment from its calculation of the Debtor's equity in the Real Property, and accept the Debtor's estimation of the Bank's claim, is there an equity cushion as set forth below.

The Court accepts the testimony given by the Bank's appraiser. Mr. Buthray is more familiar with the geographic area and with the Real Property, having appraised it previously in 2001. His valuation, unlike that of the Debtor's expert, takes into account the wetlands that are present on the Real Property. Mr. Buthray also does not rely upon future improvements to the existing roadways, namely a proposed access ramp, to inflate the value of the Real Property. In fact he testified that access to the property would be largely unaffected by a new access ramp. Moreover properties which Mr. Buthray used as the basis for his comparison appraisal more closely resembled the Real Property. Mr. Mulhern used properties outside the relevant market area. Because Mr. Buthray appraised the building based upon its interior being in "good" condition while Mr. Mulhern, who actually toured the interior, testified it was in "good to excellent" condition, the Court will increase Mr. Buthray's appraisal for the building by 5% ($131,250.00) to compensate for any under valuation that might be present even though the Court is aware that Mr. Buthray testified the difference between the building's "good" or "good to excellent" condition would have little impact on his valuation. Therefore the Court finds that the value of the Parcel 1 is $2,756,250.00; the value of the Real Property is $3,061,250.00.

7

When the value of the VitroTech stock is added, the Bank's collateral is worth $3,379,250.00.[1] There is no further value to be added for the VitroLite Inventory; its value is too speculative as this Debtor may not even own it.

Excluding LaSalle's attachment, the liens against the Real Property total *at least* the following:

| | |
|---|---|
| 1st mortgage: | $1,228,174.00 as of February 1, 2005 |
| 2nd mortgage: | 2,073,771.00 as of March 7, 2005 |
| Bank's per diem | 4,675.20 through March 17, 2005 |
| Bank's additional attorneys' fees: | 22,800.00 estimated through February 2005 |
| TOTAL: | $3,329,420.20 |

This figure of $3,329,420.20 does not include the post-February 1 legal fees of the first mortgagee nor the Bank's ongoing fees and expenses. Even without such additions, using the Bank's estimate of what it is owed, there is minimal equity in the Real Property and it will be completely eroded shortly. If the Debtor's estimate that the Bank is owed $1.3 million is substituted for the Bank's figure, the encumbrances against the Real Property total approximately $2.55 million and the Bank would be adequately protected.

The Bank offered evidence to support its calculations; the Debtor's figure can be found on its Schedule D, the same schedule which lists the value of the Real Property as $4,700,000.[2]

---

[1] The Court is not deciding whether it is appropriate to include non-debtor property in the collateral pool when determining whether equity exists. *In re Colonial Center, Inc.*, 156 B.R. 452 (Bankr. E.D.Pa. 1993) provides a thoughtful analysis of this issue.

[2] Subsequent to the hearing, the Debtor amended Schedule D solely to reflect that it disputes the claims of LaSalle and the Bank.

For the purposes of this motion, the Court accepts the figures proffered by the Bank on its debt as correct.

### Reorganization with the Real Property

Before relief can be granted under section 362(d)(2), the movant must demonstrate that the "property is not necessary to an effective reorganization...." The Bank argues that the Debtor's prospects for reorganizing even with the Real Property are slight. The Debtor disagrees.

This case has now been pending one month and the Bank sought relief virtually contemporaneously with the case's filing. The Real Property generates the Debtor's only cash flow. While the Bank may ultimately prove correct in its assertion that the Debtor cannot reorganize, a point about which the Court expresses no opinion at this stage of the proceedings, reorganization will be impossible without the Real Property. Granting relief to permit foreclosure of the one asset that is central to the Debtor's prospects for reorganization is premature. Consequently, relief is not warranted pursuant to section 362(d)(2).

### Adequate Protection Payments

The Court has the power to fashion an appropriate remedy under section 362(d)(1). That remedy can include ordering adequate protection payments. That is the appropriate remedy at this time. To permit the Debtor's principal to use the Debtor's cash flow as his personal piggybank while ignoring the rights of the Bank is unconscionable. The Debtor's so-called expenses for salary and rent total $10,900 without adding the portion of the home real estate taxes charged to the Debtor. These charges are exorbitant in a case where, as the Debtor so convincingly argued, its principle asset is the Real Property. There is no other real business

9

beyond the management of the Real Property.

This Court is very familiar with fees and expenses charged by real estate management companies. Such compensation is the stuff of employment applications and compensation applications that come before this Court on a regular basis. Real estate management companies typically charge a flat fee of 5%; in more complicated scenarios, the fees can equal 10%. The customer, however, is not then surcharged for a portion of the manager's rent; this is subsumed in the manager's overhead upon and included in its management fee. The Court will permit the Debtor to pay Mr. and Mrs. Gitto, collectively, a management fee of not more than $1,750.00 per month equal to slightly less than 6% of the monthly rent. The Debtor shall pay $9,000.00 to the Bank each month as adequate protection payments beginning immediately. The Debtor shall continue to pay its other expenses (other than the monthly rent which the Court finds is unreasonable), including the proposed fee escrow.

**CONCLUSION**

For the reasons set forth herein, the Motion is ALLOWED IN PART and DENIED IN PART. The Debtor is ordered to make adequate protection payments as set forth above. A further hearing on the Motion for Relief is scheduled for **June 9, 2005 at 2:00 p.m.**

Separate orders will issue.

Dated: March 18, 2005

Joel B. Rosenthal
United States Bankruptcy Judge

10