# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Case No. 05-10867 - DPW

Chapter 11 No. 05-40748 - JBR

_____

**In re TRADEX CORPORATION,**
Debtor

_____

**TRADEX CORPORATION**,
Appellant

v.

**UNITED STATES TRUSTEE,**
Appellee

_____

### MOTION TO STRIKE BRIEF AND DISMISS APPEAL
### OF CHARLES GITTO FOR FAILURE TO
### FILE A NOTICE OF APPEAL

Now comes Phoebe Morse, United States Trustee, and moves this Honorable Court to strike the brief of Charles Gitto for failure to file a notice of appeal as required by Fed. R. Bankr. P. 8001(a). The United States Trustee submits the following in support thereof:

### I. BACKGROUND.

Tradex Corporation filed its voluntary chapter 11 petition on February 16, 2005. Charles Gitto was listed in Tradex Corporation's statement of financial affairs, question 21(b), as its president and sole stockholder. On April 8, 2005, the bankruptcy court entered an order ("Order") appointing an

operating chapter 11 trustee for Tradex Corporation. The United States Trustee appointed M. Ellen Carpenter, Esq. as chapter 11 trustee on April 13, 2005. Tradex Corporation timely filed a notice of appeal on April 22, 2005.

Charles Gitto neither filed a notice of appearance in the bankruptcy court case nor moved to intervene in that case. Charles Gitto also failed to file a notice of appeal to this court. Nevertheless, Charles Gitto filed the brief as appellant on May 13, 2005.

## II. A Corporation And Its Shareholders Are Distinct Legal "Persons."

A corporation and its shareholders are separate entities. *See* Mourad v. C.I.R., 387 F.3d 27, 29 (1st Cir. 2004); Green v. Victor Talking Mach. Co., 24 F.2d 378, 380 (2d Cir. 1928) (general rule is that corporation and its shareholders are distinct legal "persons" and should be treated as such). Under ordinary circumstances, litigants must assert their own rights rather than those of other parties. *See* Singleton v. Wulff, 428 U.S. 106, 113 (1976). "Where the direct injury is to the corporation . . . it is regarded as affecting only the corporation" and only the corporation may assert its corporate rights. Pignato v. Dein Host, Inc. (In re Dein Host, Inc.), 835 F.2d 402, 405 (1st Cir. 1987). Shareholders have long been prohibited from initiating actions to enforce the rights of a corporation. Franchise Tax Board of Calif. v. Alcan Aluminium Ltd., 493 U.S. 331, 336 (1990). Even a sole shareholder may not be able to challenge an order if he asserts only corporate harm. Dein Host, 835 F.2d at 405.[1]

---

[1] The majority of courts, including the First Circuit Court of Appeals, require an appellant to demonstrate that he is a "person aggrieved" by a bankruptcy court order. In re San Juan Hotel, 809 F.2d 151, 154 (1st Cir. 1981), *citing* Fondiller v. Robertson (In re Robertson), 707 F.2d 441, 442 (9th Cir. 1983); Cofield v. Graham (In re Malmart Mortgage Co., Inc.), 166 B.R. 499, 501 - 502 (D. Mass. 1994). An appellant is a "person aggrieved" if the order appealed from diminishes his property, increases his burdens or impairs his rights. Id. Charles Gitto has made no attempt to show that he is a

Bankruptcy litigation almost always involves the interests of persons who are not formally parties to the litigation and thus these concerns apply with particular force. As the Second Circuit has observed:

> Bankruptcy proceedings regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that other party is present . . . . In this context, the courts have been understandingly skeptical of the litigant's motives and have often denied standing as to any claim that asserts only . . . [other's] rights.

Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.), 843 F.2d 636, 644 (2d Cir. 1988) (other citations omitted).

The parties to the bankruptcy litigation at issue here are Tradex Corporation and the United States Trustee. Charles Gitto is not a party to the bankruptcy case. He did not seek to intervene, nor did he enter an appearance in that case. He made no attempt to assert his standing as an individual or as a shareholder. As is apparent from the cases outlined above, he is not Tradex Corporation, but a separate entity with the obligation to assert and protect his own rights. He has not done so.

### III. Charles Gitto Did Not Appeal The Bankrupty Court's Order.

Absent exceptional circumstances, only a party who files a notice of appeal properly invokes the appellate jurisdiction of the district court. Fed. R. Bankr. P. 8001(a). *See* In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985). Failure to file a notice of appeal mandates dismissal. *Id.; see* Zer-Ilan v. Frankford (In re CPDC, Inc.), 221 F.3d 693, 698 (5th Cir. 2000); *see also* Smith v. Barry, 502 U.S. 244, 248 (1992) (noncompliance with the requirements of Fed. R. App. P. 3 is fatal to an appeal) .

---

"person aggrieved" under this standard.

Only Tradex Corporation has properly invoked this court's jurisdiction.

Charles Gitto cannot use Tradex Corporation's notice of appeal to perfect an appeal for himself. First, as set out above, he is a separate party from Tradex Corporation. Second, the Supreme Court has held that the explicit naming of a party in a notice of appeal is jurisdictional and outside the power of an appellate court to cure. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988). The Tradex Corporation notice of appeal names only Tradex Corporation as appellant. The 1993 amendments to the Federal Rules of Appellate Procedure rewrote Rule (3) in order to reduce the considerable litigation that had arisen in the wake of Torres, and would have eased the burden on Charles Gitto if he had acted to preserve his rights.

The committee's notes to revised Rule (3)(c) state the following two fundamental propositions:

- As a general rule, each appellant should be specified by name in either the caption or the body of the notice of appeal.

- To avoid any inadvertent loss of rights by the omission of a party's name or the use of "et al.," there is a recognition that the test should be "whether it is objectively clear that a party intended to appeal."

Fed. R. App. P. 3(c) advisory committee's note concerning 1993 amendment.

With these principles in mind, Rule 3(c) now requires the naming of each appellant and then provides several means of fulfilling that requirement. In addition, Rule 3(c) now provides that an appeal will not be dismissed for "failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P 3(c); see Casanova v. Dubois, 289 F.3d 142, 145-46 (1st Cir. 2002). However, the Tradex Corporation's notice of appeal does not mention Charles Gitto, nor does it suggest any intent on the part of Charles Gitto to appeal. Thus, Charles Gitto is not a party to this

appeal.[2/]

### IV. CONCLUSION.

A federal court is duty bound to determine, in the first instance, whether it has jurisdiction over an appeal and its parties.  *See* In re George E. Bumpus, Jr. Constr. Co., 226 B.R. 724 (B.A. P. 1st Cir. 1995).  Here, the court does not have jurisdiction over Charles Gitto because Charles Gitto is not a party in the underlying bankruptcy case and, more significantly, has not filed a notice of appeal in this case.  Moreover, as has been outlined above, Charles Gitto cannot use Tradex Corporation's notice of appeal to protect his own rights.  Therefore, any appeal by Charles Gitto must be dismissed and his brief must be stricken.

---

[2/]     Fed. R. Bankr. P. 8001(a) governing appeals from bankruptcy courts to district courts differs slightly but significantly from Fed. R. App. P. governing appeals from district courts to courts of appeals:

> The two rules governing notices of appeal differ mysteriously.  Rule 3(c)(1) of the appellate rules provides that the notice of appeal must specify the appellant(s) by name . . . .  But 'an appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.'  Fed. R. App. P. 3(c)(4). . . .
> However, Rule 8001(a) of the bankruptcy rules, which rather than Rule 3 of the appellate rules governs . . . [this] appeal to the district court, is more demanding. The notice of appeal must '(1) conform substantially to the appropriate Official Form, [and] (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys.'
>
> . . . .  This is not to say that the difference between the wording of the appellate rule and of the bankruptcy rule is trivial or accidental. A bankruptcy will often spawn multiple subproceedings. . . .  Many parties will be bystanders to a particular . . . proceeding . . . that has given rise to an appeal. It is therefore important that the notice of appeal name the appellees.

Fadayiro v. Ameriquest Mortg. Co., 371 F.3d 920, 921-922 (7th Cir. 2004)

                    Respectfully Submitted,

By:    /s/ Phoebe Morse
        Phoebe Morse   BBO #356900
        United States Trustee
        United States Department of Justice
        10 Causeway Street, #1184
        Boston, MA 02222
        Tel: (617) 788-0400
        Fax: (617) 565-5601
        E-mail: phoebe.morse@usdoj.gov

May 17, 2005

## CERTIFICATE OF SERVICE

      I, Phoebe Morse, hereby certify that, on May 17, 2005, a true and accurate copy of the United States Trustee's Motion to Strike Brief and Dismiss Appeal of Charles Gitto for Failure to File a Notice of Appeal was served via ECF and/or first class mail upon the parties listed below:

Juliane Balliro, Esq.
Paul A. Leoni, Esq.
Perkins, Smith & Cohen, LLP
1 Beacon Street, 30th Floor
Boston, Massachusetts 02108

M. Ellen Carpenter, Esq.
Roach & Carpenter, PC
24 School Street
Boston, Massachusetts 02108

Richard T. King, Esq.
Lisa D. Tingue, Esq.
Office of the U.S. Trustee
446 Main Street
Worcester, MA 01608

Dated: May 17, 2005               /s/Phoebe Morse_____
                                                            Phoebe Morse BBO #356900